HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11   UNITED STATES OF AMERICA,

12              Plaintiff,                        Case No.  2:22-cv-01417-RAJ

13        v.                                      **ORDER ON DEFENDANT
                                                  CHASE'S MOTION TO DISMISS**
14   MICHAEL T. WATERER, *et al*.,

15              Defendants.

16

17                          **I.   INTRODUCTION**

18        Defendant J.P. Morgan Chase Bank, N.A. moves under Fed. R. Civ. P. 12(b)(6)

19   for an order dismissing the claims of the IRS alleged in its Complaint. Dkt. # 27. For the

20   reasons below, the Court **DENIES** the Motion.

21                          **II.   BACKGROUND**

22        This IRS foreclosure action concerns residential, improved real property in King

23   County, Washington (the "Subject Property") owned by Defendants Michael T. Waterer

24   and Dawn M. Waterer. Dkt. # 1. The United States seeks to reduce federal income tax

25   assessments to judgment against Mr. and Mrs. Waterer, totaling $13,735.74, plus

26   statutory interest and any other additions permitted by law accruing after September 30,

27   2022, until paid in full. *Id.*, ¶ 32. The United States also requests a determination that any

28   ORDER – 1

purported transfer to or encumbrance of the Subject Property in favor of Defendants Edward P. Weigelt, Jr., Frank McKeehan, and Calkins & Burke Limited, is fraudulent as to the United States. *Id.*, ¶ 48. Third, the United States seeks to foreclose its federal tax liens against the Subject Property. *Id.*, ¶ 61.

## III.  DISCUSSION

J.P. Morgan Chase Bank, N.A. ("Chase") moves for dismissal under Fed. R. Civ. P. 12(b)(6) because it claims that its deed of trust on the Subject Property is superior to the IRS lien. Dkt. # 27 at 2. Accordingly, Chase contends that its superiority means there can be no foreclosure relief ordered against it.

The United States commenced this action to foreclose federal tax liens under § 7403 of the Internal Revenue Code. That statute provides "all persons" who might claim a lien or interest in the subject property must be joined as parties, 26 U.S.C. § 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto"). This includes lien holders with an interest in the property superior to the United States' tax lien. *See United States v. Hawkins*, 1999 WL 250765, at *1 (W.D. Wash. 1999) (stating that "the provisions of § 7403 strongly imply that the statute applies regardless of whether the [United States'] claim is superior or inferior"). Section 7403 also requires the Court to determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may determine whether a sale of such property is warranted. *See* 26 U.S.C. §7403(c).  The equities of the case cannot and should not be determined at this stage of the litigation. *Hawkins*, 1999 WL 250765, at *2.

Ultimately, the Complaint provides the factual and statutory basis for its inclusion of Chase as a party to this suit. Dkt. # 1, ¶19. There is a recorded mortgage lien on the Subject Property that claims to have been assigned to JP Morgan Chase Bank. *See* Dkt. # 27 at 6-13. Thus, it is properly named. Chase's contention that it should be dismissed, or should not held to its discovery obligations as a party to this case, is without merit.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   CONCLUSION

For the reasons below, the Court **DENIES** Chase's Motion to Dismiss. Dkt. #  27.

DATED this 9th day of May, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3