HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL T. WATERER, *et al.*,

    Defendants.

Case No. 2:22-cv-01417-RAJ

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Plaintiff United States of America moves for default judgment. Dkt. # 52. For the reasons below, the Court **GRANTS** the Motion.

## II. BACKGROUND

This IRS foreclosure action concerns residential, improved real property in King County, Washington (the "Subject Property") owned by Defendants Michael T. Waterer and Dawn M. Waterer (the "Waterers"). Dkt. # 1. The United States first seeks to reduce federal income tax assessments to judgment against Mr. and Mrs. Waterer, totaling $13,735.74, plus statutory interest and any other additions permitted by law accruing after September 30, 2022, until paid in full. *Id.*, ¶ 32. Second, the United States seeks a determination that any purported transfer or encumbrance of the Subject Property in favor

ORDER – 1

of Defendants Edward P. Weigelt, Jr., Frank McKeehan, and Calkins & Burke Limited, is fraudulent as to the United States. *Id.*, ¶ 48. Third, the United States seeks to foreclose its federal tax liens against the Subject Property. *Id.*, ¶ 61.

Defendants Renton Collections, Inc. and Alaska Cascade Financial Services were named because they may claim an interest in the Subject Property. They were served. *See* Dkt. # 13, 14. Defendants Andrew McKeehan, Lance Waterer, Juliana McKeehan, and Alexander McKeehan were named because they may claim an interest in the Subject Property. They were served. *See* Dkt. ## 18, 19, 21, 24. Collectively, the Court will refer to these parties as the "defaulting defendants." On April 6, 2023, the United States requested that the clerk enter default against the defaulting defendants. Dkt. # 49. On April 7, 2023, the clerk entered default. Dkt. # 50.

### III.  DISCUSSION

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).  In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B).  If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images*

ORDER – 2

*(US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014).  In determining damages, a court can rely on the declarations submitted by the plaintiff.  *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010).  Where there is evidence establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  Since deciding for or against default judgment is within the court's discretion, a defendant's default does not de facto entitle a plaintiff to a court-ordered judgment.  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

In exercising its discretion, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims, (2) the sufficiency of the claims raised in the complaint, (3) the possibility of prejudice to the plaintiff if relief is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits when reasonably possible.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  As discussed below, the Court has considered each of the *Eitel* factors and finds they weigh in favor of granting default judgment.

The Court considers the first three factors together. First, without a default judgment, the title to the Subject Property could be clouded by defaulting defendants' potential interest, possibly preventing or frustrating Plaintiff's ability to satisfy the Waterer's tax liabilities. *See, e.g.*, *United States v. Aguinaldo*, 2023 WL 2317351, at *2 (D. Haw. Mar. 1, 2023); *United States v. Beresford*, 2023 WL 5488449, at *10 (W.D. Wash. July 26, 2023), *report and recommendation adopted*, 2023 WL 5467269 (W.D. Wash. Aug. 24, 2023). Thus, the absence of a default judgment poses potential prejudice to Plaintiff.

The merits of Plaintiff's substantive claim, and the sufficiency of the complaint, also weigh in favor of granting default judgment. Here, Plaintiff makes the following allegations: (1) the defaulting defendants may have an interest in the Subject property, (2)

ORDER – 3

Plaintiff has valid tax liens against the Subject property, (3) foreclosure of the liens is appropriate under the legal standards, and (4) none of the defaulting defendants has appeared to claim an interest, despite having been served with a summons and complaint. Based on these facts, the complaint is sufficient, and Plaintiff's substantive claim has merit. *See, e.g., Aguinaldo*, 2023 WL 2317351, at *2 (D. Haw. Mar. 1, 2023) (finding complaint sufficient and that claim had merit based on allegations that default defendants may have interest in property, plaintiff had valid tax liens against property, foreclosure of liens was appropriate, and none of default defendants, all of whom had been served, appeared to claim an interest).

In evaluating the fourth factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). In this case, Plaintiff does not seek money damages, but seeks to collect unpaid taxes. Those collection efforts could be frustrated if title to the Subject Property remains clouded by the defaulting defendants' potential interest, which weighs in favor of default. *Beresford*, 2023 WL 5467269 at *11 (W.D. Wash. Aug. 24, 2023) (citing *PepsiCo*, 238 F. Supp. 2d at 1177).

With respect to the fifth factor, because the well-pleaded facts are treated as true upon the entry of default, there is no likelihood of a genuine dispute of material fact. *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (once default is entered, "there is no likelihood that any genuine issue of material fact exists").

In considering the sixth factor, the Court finds no evidence default resulted from excusable neglect. Plaintiff served both the pleading and the request for entry of default on the defaulting defendants, and some of the defendants even participated in the telephonic 26(f) meeting. Dkt. # 41. Any possibility of default resulting from excusable neglect is remote.

In considering the seventh factor, "the preference to decide cases on the merits does not preclude a court from granting default judgment." *PepsiCo, Inc.*, 238 F. Supp.

ORDER – 4

2d at 1177 (quoted source omitted). This factor is, standing alone, not dispositive especially where defendants fail to defend an action. *Id*.

The Court finds that default judgment should be entered against the defaulting defendants. Accordingly, the Court finds they have no interest in the Subject Property.

### IV.  CONCLUSION

For the foregoing reasons, the United States's motion for default judgment is **GRANTED**. Dkt. # 52. The Clerk is directed to enter judgment in favor of the United States and against Defendants Andrew McKeehan, Lance Waterer, Juliana McKeehan, Alexander McKeehan, Renton Collections, Inc., and Alaska Cascade Financial Services, holding that the parties do not have any interest in the Subject Property.

DATED this 6th day of October, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5