HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL T. WATERER, *et al*.,

    Defendants.

Case No. 2:22-cv-01417-RAJ

ORDER

## I.   INTRODUCTION

THIS MATTER is before the Court on a Motion for Order Authorizing Sale of the Subject filed by Plaintiff United States of America. Dkt. # 66. For the reasons below, the Court **GRANTS** Plaintiff's Motion.

ORDER - 1

## II. BACKGROUND

This IRS foreclosure action concerns residential, improved real property in King County, Washington (the "Subject Property") owned by Defendants Michael T. Waterer and Dawn M. Waterer. Dkt. # 1. The United States seeks to reduce federal income tax assessments to judgment against Mr. and Mrs. Waterer. *Id*. at ¶ 32. On June 5, 2024, the parties filed a stipulated motions for entry of judgment against Mr. and Mrs. Waterer. Dkts. # 61-62. These filings indicate that the Waterers owed $15,334.80 in unpaid income tax and agreed that the Subject Property should be sold, and the proceeds distributed to the United States and all other creditors. *Id*. On July 24, 2024, the IRS asked this Court to order the sale of the Subject Property. Dkt. # 66. Although procedurally improper, Defendants, Edward P. Weigelt[1] and Dawn M. Waterer, filed Declarations in this matter indicating they opposed the government's motion. Dkts. # 67, 70.

## III. DISCUSSION

Defendants ask the Court to deny the IRS's motion or continue the motion for up to 90 days. Dkt # 67 ¶ 2; Dkt. # 70 ¶ 2. Defendants assert that the Court should deny the motion because they assert there is a very good prospect that the house will sell and there is significant equity in the Subject Property. Dkt # 67 ¶ 2; Dkt. # 70 ¶ 2.

Under 26 U.S.C. § 7403, the United States Government is empowered to enforce its tax liens against a delinquent taxpayer by requesting the judicial sale of the taxpayer's real property. *United States v. Rodgers*, 461 U.S. 677, 691–92 (1983). A district court "may decree a sale of such property." 26 U.S.C. § 7403(c). "Section 7403 affords district courts limited equitable discretion in determining whether to order the sale of property to satisfy delinquent tax liabilities." *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir.

---

[1] Mr. Weigelt was named a Defendant in this suit because he has a second position in a deed of trust against property owned by Mr. and Mrs. Waterer. Dkt. # 67 ¶ 2.

1987) (citing *Rodgers*, 461 U.S. at 680). "District courts may exercise this limited discretion in individual cases to take into account both the government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *Id.; see, e.g. United States v. Nichols*, No. 2:13-cv-0167, 2015 WL 7784878, at *1 (E.D. Wash. Nov. 6, 2015) (granting order of sale where there was no evidence of harm to third parties even though taxpayers argued they were in their late sixties, retired, and had health issues); *United States v. Weldon*, No. 18-cv-01318, 2023 WL 5596003, at *3 (E.D. Cal. Aug. 28, 2023) (granting order of sale where defendant failed to demonstrate a third party who would be harmed by ordering the sale of the property). A district court's "limited discretion accorded by [Section] 7403 should be exercised rigorously and sparingly." *Rodgers*, 461 U.S. at 711.

Defendants present no evidence that a third party would be unduly harmed by the sale of the Subject Property. Mrs. Waterer's declaration notes that ongoing divorce proceedings and Mr. Waterer's health problems, age, limited funds have made it difficult for them to focus on selling the house. Dkt. # 70 ¶ 7. Additionally, although Mrs. Waterer contends that a sale is likely, the IRS has demonstrated that the home is not on the market. Dkt. # 71 at 5-6. Accordingly, the Court does not have a valid reason to exercise its "limited discretion" under the circumstances presented here.

ORDER - 3

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for the Order Authorizing the Sale of the Subject Property. Dkt. # 66.

Dated this 12th day of September, 2024.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge