HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-cv-01417-RAJ |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL T. WATERER, DAWN M.WATERER, FRANK MCKEEHAN, EDWARD P. WEIGELT, JR., CALKINS & BURKE LIMITED, RENTON COLLECTIONS, INC., ALASKA CASCADE FINANCIAL SERVICES, KING COUNTY, ANDREW MCKEEHAN, LANCE WATERER, FIRST AMERICAN TITLE INSURANCE CO., JULIANA KCKEEHAN, ALEXANDER MCKEEHAN, QUALITY LOAN SERVICE CORPORATION OF AMERICA, AND JP MORGAN CHASE BANK, NA, | |
| Defendants. | |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Defendant Dawn M. McKeehan's Motion to Disburse Funds. Dkt. # 80. The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. For the reasons stated below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

ORDER – 1

## II.   BACKGROUND

The present dispute involves the final disbursement of funds from an IRS foreclosure action.  The Court previously entered judgment against Defendants Michael T. Waterer and Dawn M. McKeehan (formerly Dawn M. Waterer) and authorized the sale of their property.  Dkt. # 63, 64, 75.  The property sold for more than $2 million and the proceeds were deposited into the court registry.  Dkt. # 76.

On January 28, 2025, the Court granted the parties' stipulation for disbursement of funds.  Dkt. # 78.   Pursuant to the parties' stipulation, the majority of funds held in the court registry were distributed to entities and individuals in amounts designated by the parties.  *Id.*  In addition, and most relevant here, the order provided:  "The remainder of the funds in the registry is the subject of a dispute between Michael T. Waterer and Dawn M. McKeehan.  When Mr. Waterer and Ms. McKeehan have reached a resolution on this dispute, they will file a motion to have these funds disbursed."  *Id.* ¶ 11.

On November 26, 2025, Ms. McKeehan, through her counsel, filed the instant motion to disburse funds.  Dkt. # 80.  In her motion, she notified the Court that her dispute with Mr. Waterer was resolved by a final divorce order from King County Superior Court.  *Id.*  The divorce order states, in relevant part, that  $249,242.37 of the proceeds in this case should be distributed to Ms. McKeehan, and $32,484.96 should be distributed to Mr. Waterer.  *Id.*  Ms. McKeehan thus asks the Court to order the disbursement of the remaining court registry funds as set out in the divorce order.  *Id.*

Mr. Waterer, proceeding *pro se*, filed an untimely response, which the Court will consider pursuant to its December 30, 2025 order.  Dkts. # 84, 86.  In his response, Mr. Waterer argues that he filed a "Motion for Reconsideration and/or Relief from Judgment" and "Motion to Stay Enforcement and Distribution" in the King County Superior Court case. Dkt. # 84 at 2.  He therefore argues that the divorce order is not final, and asks the Court to defer any disbursement of funds in this case pending the resolution of his state court motions.  *Id.* at 3.

ORDER – 2

In her reply, Ms. McKeehan argues that Mr. Waterer failed to note his two state court motions for a hearing, and that the time to file properly noted motions has expired. Dkt. # 85. Ms. McKeehan argues that as a result, "no post-decree motions are currently scheduled to be heard in state court" and the divorce order is final. *Id.* at 3.

On December 30, 2025, the Court directed the parties to file a joint status report regarding any updates to the state court proceeding by January 30, 2026. Dkt. # 86. On the date directed, Ms. McKeehan filed a status report stating King County Superior Court has not taken any action on Mr. Waterer's two post-decree motions. Dkt. # 89. [1]

### III.  DISCUSSION

The Court finds that the parties' present dispute—whether the King County Superior Court divorce order is a final order—is a matter for the state court's determination. The Court acknowledges Ms. McKeehan's position that Mr. Waterer did not properly note his post-decree motions and the state court has not taken any action on the motions in more than two months. At the same time, case law suggests that the type of procedural defect at issue—failure to note motions for a hearing—does not necessarily preclude resolution of the motions on the merits. *See Buckner, Inc. v. Berkey Irr. Supply*, 951 P.2d 338, 343 (Wash. Ct. App. 1998) ("Nowhere is there any suggestion that the failure to timely note the motion deprives the trial court of the power to hear and decide it."). The Court has no insight into whether King County Superior Court intends to take further action on Mr. Waterer's post-decree motions, or whether, as Ms. McKeehan suggests, it considers the divorce order final. Ultimately, the resolution of these questions is within the purview of King County Superior Court. The Court declines to resolve these questions in the first instance, and declines to order the disbursement of funds in light of the parties' dispute.

---

[1] The status report states Mr. Waterer "refused to sign this Joint Status Report and did not provide his proposal for any content." *Id.* at 3.

ORDER – 3

## IV.  CONCLUSION

For the forgoing reasons, the Court **DENIES** Ms. McKeehan's Motion to Disburse Funds, Dkt. # 80, **WITHOUT PREJUDICE**.  The Court **ORDERS** the parties to seek direction from King County Superior Court, by motion or otherwise, regarding the status of Mr. Waterer's post-decree motions and the finality of the divorce order.  Ms. McKeehan may renew her motion to disburse funds with adequate supporting evidence regarding the finality of the divorce order.

Dated this 19th day of February, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4